MICHAEL M. TODARO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Todaro v. Commissioner
Docket No. 14142-92.
United States Tax Court
T.C. Memo 1995-398; 1995 Tax Ct. Memo LEXIS 398; 70 T.C.M. (CCH) 451; August 17, 1995, Filed *398 Decision will be entered for respondent. Michael M. Todaro, pro se. Thomas A. Dombrowski, for respondent. GOLDBERG, Special Trial Judge GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined additions to tax for petitioner's 1983 taxable year under section 6651(a)(1) in the amount of $ 2,821, under section 6653(a)(1) and (2) in the respective amounts of $ 564.20 and 50 percent of the interest due on the entire understatement, and under section 6661 in the amount of $ 2,821. After a concession, [2] the issues for decision are: (1) Whether petitioner is liable for additions to tax under section 6653(a)(1) and (2) for negligence in claiming a partnership loss; and (2) whether petitioner is liable for an addition to tax under section 6661 for substantially understating his tax liability. *399 Some of the facts in this case have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time his petition was filed, petitioner resided in Houston, Texas. Petitioner received a bachelor of arts degree from California State University in Long Beach, California, in 1974. Although his major was English, petitioner successfully completed several business courses including economics. He then worked as a real estate broker, and, several years later, attended Stanford Law School. Petitioner received his law degree in 1982. During the year at issue, petitioner was a licensed real estate broker in California, Texas, and Florida. This case arises out of an investment made by petitioner in 1983 in a tax shelter known as 1983 Western Reserve Oil and Gas Company, Ltd. (1983 WROG or the partnership). The partnership was a limited partnership created by Trevor Phillips (Phillips) and Terry Mabile (Mabile) and designed to be marketed as an oil and gas tax shelter. A corporation called Magna, primarily owned by Mabile, acquired rights to some potential oil and gas properties, which were then subleased to 1983 WROG *400 for alleged minimum annual royalties. The subleases were secured by alleged recourse promissory notes. The promissory notes were assumed by the limited partners in order to have sufficient bases against which deductions for the royalties and other drilling expenses could be passed through by 1983 WROG, an accrual basis partnership, and taken as deductions by the cash basis limited partners. The partnership was marketed to potential investors as a tax shelter, promising tax write-offs of 4 times the cash investment. However, the structure of the deal was such that the promoters received most of the cash investment, little drilling was done, and there was no realistic potential for recovery of the cash investment by the investor, much less any potential for profits. [3]
*401 Petitioner was first informed of 1983 WROG by his sister, Diane Todaro Vorsheck, a travel agent. Petitioner then consulted with Tom Brown (Mr. Brown), an accountant that did some financial work for petitioner's parents and a promoter of 1983 WROG, and Michael Christianson (Mr. Christianson), a tax attorney that provided legal counsel to Phillips and Mabile. In making his decision to invest in 1983 WROG, petitioner relied solely on the advice of these individuals. In a letter dated February 10, 1984, 1983 WROG informed its investors that the Internal Revenue Service (IRS) was in the process of examining the partnership. On or about March 22, 1984, the IRS notified 1983 WROG that the partnership would be in violation of Federal tax laws if it claimed tax benefits that the promoters claimed would be available to the investors. In a letter dated May 9, 1984, 1983 WROG informed investors that the IRS was likely to disallow the partnership deductions claimed on its 1983 partnership return (Form 1065). From May 1984 through May 1985, 1983 WROG sent its investors numerous letters regarding the ongoing IRS audit. On May 20, 1985, petitioner filed his 1983 Federal income tax return on which *402 he claimed a partnership loss attributable to 1983 WROG in the amount of $ 40,118. A Notice of Final Partnership Administrative Adjustment (FPAA) for the 1983 taxable year was issued to 1983 WROG on March 10, 1987. The notice partner and partners other than the tax matters partner filed a petition with this Court at docket No. 17441-87, and, on June 19, 1991, in accordance with Rule 248(b), a decision was entered in the case sustaining respondent's adjustment of partnership items in the FPAA. Following the entry of the decision, computational adjustments were made by respondent to petitioner's 1983 tax return; in particular, respondent disallowed petitioner's 1983 WROG partnership loss of $ 40,118 in its entirety. Respondent then issued a notice of deficiency to petitioner for the affected items at issue herein. We first consider the question of whether petitioner is liable for additions to tax for negligence in claiming a partnership loss. Section 6653(a)(1) and (2) provide for additions to tax if any part of an underpayment of tax is due to negligence or intentional disregard of the rules or regulations. Negligence is defined as a lack of due care or failure to do what a reasonable *403 and ordinarily prudent person would do under the circumstances. Rybak v. Commissioner, 91 T.C. 524, 565 (1988); Neely v. Commissioner, 85 T.C. 934, 937 (1985). Despite petitioner's lack of experience with the gas and oil industry prior to investing in 1983 WROG, petitioner did not research the drilling activities or investigate the financial status of the partnership. Nevertheless, petitioner contends that he acted prudently in making his investment in 1983 WROG and claiming the losses on his 1983 tax return because he relied upon the advice of an accountant and tax attorney. Good faith reliance on a competent accountant's advice may insulate a taxpayer from the section 6653(a) addition to tax. Jackson v. Commissioner, 86 T.C. 492, 539 (1986), affd. on other issues 864 F.2d 1521 (10th Cir. 1989); see also United States v. Boyle, 469 U.S. 241, 250-251 (1985). The taxpayer must establish that the person upon whom he or she relied is qualified to give the advice and that such reliance was reasonable. Freytag v. Commissioner, 89 T.C. 849, 888 (1987), *404 affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). Mr. Brown and Mr. Christianson were involved with the promotion and representation of 1983 WROG, and, therefore, were incapable of giving competent and unbiased advice regarding the investment. Considering the size of petitioner's investment and the proportionately large tax write-offs, further investigation was mandated. Saviano v. Commissioner, 765 F.2d 643, 654 (7th Cir. 1985), affg. 80 T.C. 955 (1983). In light of petitioner's failure to seek independent counsel and research his investment, petitioner has not established that his reliance on Messrs. Brown and Christianson amounts to reasonable and prudent conduct. Moreover, petitioner has not shown that it would be reasonable for a person with his educational background to have expected an investment in 1983 WROG to be profitable. In spite of the bells and whistles regarding the IRS audit and the too good to be true tax advantages, petitioner claimed the partnership loss, and, in doing so, was negligent in preparing and filing his 1983 Federal tax return. *405 [4] Petitioner is liable for additions to tax under section 6653(a)(1) and (2). We next consider whether petitioner is liable for an addition to tax under section 6661. This section provides for an addition to tax in an amount equal to 10 percent of the underpayment attributable to a substantial understatement of tax. Sec. 6661(a). An understatement is substantial if it exceeds the greater of 10 percent of the correct tax or $ 5,000. In general, if a taxpayer has substantial authority for his tax treatment of the item in question, or if the taxpayer adequately disclosed the tax treatment of the item on his return, then the taxpayer may escape liability for an addition to tax with respect to that item. Sec. 6661(b)(2)(B). However, if the item in question is attributable to a tax shelter, the disclosure exception will not apply, and the substantial authority *406 exception will apply only if, in addition to substantial authority, the taxpayer reasonably believed that his treatment of the item is more likely than not the proper treatment. Sec. 6661(b)(2)(C)(i); sec. 1.6661-5, Income Tax Regs.
Based on the FPAA and decision entered by this Court on June 19, 1991, respondent assessed a deficiency in petitioner's 1983 Federal income tax in the amount of $ 11,284. Petitioner does not dispute that he is liable for this deficiency, and, as such, there exists a substantial understatement in this case. Because 1983 WROG was found to be a tax shelter with the principal purpose to avoid or evade Federal income tax, petitioner must prove that there was substantial authority for his treatment of the loss, and that he reasonably believed in such treatment. Petitioner has failed to establish that there is substantial authority for his position or, as noted above, that he reasonably believed that such treatment was more likely than not the proper treatment. He was to receive tax benefits from his investment in 1983 WROG equal to 400 percent of his cash outlay. Despite this fact, petitioner proceeded to invest in 1983 WROG without any meaningful investigation *407 of the partnership. Based on the record in this case, we find that petitioner did not undertake the kind of independent factual analysis of 1983 WROG that would enable him to formulate a reasonable belief as to the tax treatment of the loss and to determine whether such treatment was more likely than not the proper treatment. Accordingly, we hold that he is liable for the section 6661 addition to tax for the taxable year 1983. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner conceded at trial that he filed his 1983 Federal income tax return late, and, as such, is liable for the addition to tax under sec. 6651(a)(1) as determined by respondent.↩
3. Ferrell v. Commissioner, 90 T.C. 1154 (1988), involved Western Reserve Oil and Gas Co., Ltd., a limited and identically structured tax shelter promoted by the same individuals involved in 1983 WROG. In Ferrell↩, we held that the partnership was not engaged in a trade or business within the meaning of sec. 162(a), and that the whole partnership arrangement lacked economic substance. Most of the deductions claimed by the partnership, as well as the partnership loss deductions passed through the partnership to the partner-investors, were not, therefore, allowable.
4. See Starrett v. Commissioner, T.C. Memo. 1990-183; Crittenden v. Commissioner, T.C. Memo. 1990-156↩.